IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


CHARLES WHITNEY,                    :
                                    :
          Plaintiff                 :
                                    :
     v.                             :    CIVIL NO. 3:CV-17-562
                                    :
T. FERGERSON, ET AL.,               :    (Judge Conaboy)
                                    :
          Defendants                :

FILED
SCRANTON

APR 2 5 2017

Per_____ CC
DEPUTY CLERK

---

## MEMORANDUM
## Background

Charles Whitney (Plaintiff), an inmate presently confined at
the Benner Township State Correctional Institution, Bellefonte,
Pennsylvania (SCI-Benner), initiated this pro se civil rights
action pursuant to 42 U.S.C. § 1983.  His Complaint raises
allegations of being subjected to mail interference, denial of
recreation, falsified misconduct charges, excessive force,
unconstitutional conditions of confinement, and sexual harassment
while housed at SCI-Benner.  By Administrative Order dated April 5,
2017, Plaintiff was directed to either pay the required filing fee
or submit a proper in forma pauperis application and authorization
form.

In a recently filed document dated April 9, 2017, Plaintiff
states that he "move to withdraw this civil acttion in [sic]
prusant to Fed. R. Civ. P. 41(a)(1)."  Doc. 5, p. 1.  Whitney
indicates that he wishes to file a new action which includes
additional claims.

1

### Discussion

Federal Rule of Civil Procedure 41(a) states in relevant part:

(a) **Voluntary Dismissal.**

(1) *By the Plaintiff.*

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2,and 66, and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or
(ii) a stipulation of dismissal signed by all parties who have appeared.
(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal or state court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Since service of Plaintiff's action has not been ordered, Defendants have neither filed an answer nor a summary judgment motion. In light of the liberal treatment afforded pro se submissions,[1] Plaintiff's filing, which asks that his pending action be withdrawn, will be construed as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i).

Based upon Whitney's submission of a notice of dismissal under Rule 41(a)(1)(A)(i), his case will be dismissed without prejudice. However, Plaintiff is notified that renewal of his civil rights claims is subject to Pennsylvania's statute of

---

1. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

limitations for a personal injury action.[2]  See Owens v. Okure, 488 U.S. 235, 250 (1989); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  An appropriate Order will enter.


RICHARD P. CONABOY
United States District Judge


DATED: APRIL 12, 2017

---

2.    Pennsylvania's applicable personal injury statute of limitations is two years.  See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993)